**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARMANDO GARCIA-NUNEZ,

Defendant-Appellant.

No. 00-2059
(D.C. No. CR-99-555-MV)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McKAY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Armando Garcia-Nunez was one of a group of eight Mexican citizens captured by the border patrol adjacent to fifteen backpacks filled with

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

marijuana which the group was carrying from Mexico into the United States.[1]

Appellant pled guilty to violation of 21 U.S.C. § 841(b)(1)(B) (possession with intent to distribute more than 100 kilograms of marijuana) and 21 U.S.C. § 846 (conspiracy to violate 21 U.S.C. § 841(b)(1)(B)). He was sentenced to twenty-four months' imprisonment, followed by three years' supervised release. He appeals his sentence based on USSG § 1B1.3, application note 2(c)(8) (based on the facts of a case, the district court is permitted to find that an individual captured in a group was pursuing individual criminal conduct rather than carrying out part of a joint criminal activity). We affirm.

Mr. Garcia-Nunez was sentenced based on the total aggregate of marijuana from all fifteen backpacks, approximately 306 kilograms. He argues on appeal that the district court declined to recognize that it had authority, under USSG §1B1.3, application note 2(c)(8), to hold Mr. Garcia-Nunez liable for only one-eighth or one-fifteenth of the total quantity of marijuana captured. The transcript at the sentencing hearing does not present a clear record on whether the district court ruled that it does or that it does not have authority under USSG § 1B1.3, application note 2(c)(8), to sentence an individual co-defendant only for the amount of drugs for which he is individually responsible, based on

---

[1] Apparently seven other individuals who had been with the group, and who had been carrying backpacks, ran away prior to the capture of the eight individuals who were arrested together.

evidence before it.[2]  However, our determination in this matter does not turn on the district court's interpretation of its authority under this portion of the Sentencing Guidelines, but rather rests on the fact that there is no evidence in the record that defendant could establish that he was proceeding in a discrete criminal activity.

The government urges us to dismiss this appeal for lack of jurisdiction, under the general rule that a discretionary refusal to depart from the applicable Guideline range is not subject to appellate review.  *See United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999).  We find the government's argument to be inapposite.  Appellant is not urging downward departure, but rather seeks reinterpretation of the underlying situation upon which his sentence is based, sentencing him as an individual actor rather than as part of a jointly undertaken criminal activity.

---

[2]     Significantly, upon first being presented with the legal argument, the district court stated, "I will acknowledge that that's what the guidelines say, *and I find it not to be applicable* .  And now you can take that up, correct?"     Tr. Sentencing Hearing, R. Vol. III at 5 (emphasis added).  Defense counsel then prompted the court, "Judge, if you - - " *Id.*  To which the court responded, "What language do I need to say?" *Id.*  Defense counsel replied, "If you make a finding that you don't think that gives you the discretion to treat it as separate conduct then that gives me the - - " *Id.*  To which the court responded, "Then I'll make that finding, that I don't find that it gives me the discretion to make it separate conduct, it doesn't do that.  Good enough?" *Id.*

We decline to disturb the district court sentence based on the record before us. The record reveals that the fifteen homemade backpacks were all similar in construction and appearance and that each contained thirty-five to forty-five pounds of marijuana. *See* R. Supp. Vol. II at 8, 9. Appellant did not challenge the presentence report which stated that one of his co-defendants told authorities that the members the group were to deliver the marijuana to a point on the highway for someone else to pick up, and that they were to be paid $1,000 apiece upon their return to Casas Grandes, Mexico. *See* R. Vol. II at 5 ¶ 15. A similar description of the situation was presented by the government at the plea hearing, without objection by appellant. *See* R. Supp. Vol. I at 18-19. Appellant's defense counsel did not offer any evidence at the sentencing hearing to support his theoretical contention for sentencing purposes that appellant was engaged in a separate criminal activity.

This court can affirm the district court on grounds existing in the record, provided appellant has had a fair opportunity to develop the record. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994); *Seibert v. Oklahoma ex rel. Univ. of Okla. Health Sciences Ctr.*, 867 F.2d 591, 597 (10th Cir. 1989).

Based on the record before us, there is no evidence of discrete individual criminal action by defendant. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge